**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | |
|---|---|
| EMMETT RONNY, ) | CASE NO. 1:18-cv-01853 |
| ) | |
| Petitioner, ) | JUDGE BENITA Y. PEARSON |
| ) | |
| v. ) | MAGISTRATE JUDGE DAVID A. RUIZ |
| ) | |
| RONALD ERDOS, Warden, ) | |
| ) | **REPORT AND RECOMMENDATION** |
| Respondent. ) | |

Petitioner, Emmett Ronny (hereinafter "Petitioner" or "Ronny"), challenges the constitutionality of his conviction in the case of *State v. Ronny*, Cuyahoga County Court of Common Pleas Case No. CR-14-582463-B. Petitioner, *pro se*, filed his Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 on August 7, 2018. (R. 1). On December 21, 2018, Warden Ronald Erdos ("Respondent") filed a Motion to Dismiss the petition as time-barred. (R. 12). Despite requesting and receiving and extension of time to file a response, Petitioner failed to file a brief in opposition by the February 28, 2019 deadline. (R. 13). Furthermore, Petitioner has not requested any further extensions. This matter is before the undersigned Magistrate Judge pursuant to Local Rule 72.2. For reasons set forth in detail below, it is recommended that the habeas petition be DISMISSED as time-barred.

**I. State Procedural History**

**A. Conviction**

On February 12, 2014, a Cuyahoga County Grand Jury issued a multi-count indictment charging Ronny and a co-defendant named Alexander Royes. (R. 12-1, Exh. 1). Ronny was

charged with one count of attempted murder in violation of Ohio Revised Code ("O.R.C.") §§ 2903.02(A) & 2923.02, two counts of aggravated burglary in violation of O.R.C. § 2911.11(A), two counts of felonious assault in violation of O.R.C. § 2903.11(A), and two counts of aggravated robbery in violation of O.R.C. § 2911.01(A). *Id*. Each count carried firearm and prior conviction specifications. *Id*. In addition, Ronny was charged with one count of having weapons under disability. *Id*.

Ronny, through counsel, entered a plea of not guilty to the indictment and the case was set for trial. On January 20, 2015, Ronny executed a waiver of jury trial as to Count 5, having weapons under disability, including the prior conviction specification. (R. 12-1, Exhs. 2 & 3). Following a jury trial, Ronny was found guilty as charged save for a not guilty verdict on one count of aggravated robbery (Count 6). (R. 12-1, Exhs. 4 & 5). The court found Ronny guilty on the having weapons under disability charge with specification. *Id*.

On March 12, 2015, the trial court merged the felonious assault counts with the attempted murder count, and merged the two aggravated burglary counts with each other. (R. 12-1, Exhs. 4 & 5). The state elected to proceed on Count 1 (attempted murder) and Count 3 (aggravated burglary, in violation of R.C. 2911.11(A)(1)). *Id*. The trial court imposed an aggregate term of 28 years imprisonment. *Id*.

**B. Direct Appeal**

On April 28, 2015, Ronny, represented by new counsel, filed a notice of appeal with the Eighth District Court of Appeals ("state appellate court"). (R. 12-1, Exh. 6). On May 6, 2015, the state appellate court dismissed the appeal *sua sponte* for failure to comply with Local App. R. 9(B). (R. 12-1, Exh. 7). On May 8, 2015, counsel filed a motion for leave to reinstate appeal, which was granted. (R. 12-1, Exhs. 8 & 9). In his brief, Ronny asserted three assignments of

2

error:

>  1.  The convictions are against the manifest weight and the sufficiency of the evidence.
>
>  2.  The trial court erred when it allowed the State of Ohio to call Sergeant Phillip Christopher.
>
>  3.  The trial court erred when it allowed the State to call Mr. Royes as a court witness.

(R. 12-1, Exh. 10).

On June 16, 2016, the state appellate court affirmed the judgment of the trial court. (R. 12-1, Exh. 12).

Ronny failed to file a timely appeal to the Ohio Supreme Court. However, on March 23, 2017, Ronny filed a *pro se* notice of appeal and motion for leave to file a delayed appeal to the Ohio Supreme Court. (R. 12-1, Exhs. 13 & 14). On May 17, 2017, the Ohio Supreme Court denied the motion for delayed appeal and dismissed the case. (R. 12-1, Exh. 15).

**C.  Federal Habeas Petition**

Petitioner indicates that he placed his Petition in the prison mailing system on June 13, 2018. (R. 1, PageID# 15). The Petition for Writ of Habeas Corpus asserts the following grounds for relief:

> **Ground One**: The convictions are against the manifest weight and sufficiency of the evidence.
>
> **Ground Two**: The trial court's erred when it allowed the testimony of Sargent Christopher Phillip.
>
> **Ground Three:** The trial court erred in allowing the State to call Alexander Royes as a court's witness.

(R. 1, PageID# 5-8).

## II.  Statute of Limitations

**A.  Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA")**

This case is governed by the AEDPA, 28 U.S.C. § 2254. *See Lindh v. Murphy*, 521 U.S. 320, 326-27, 337, 117 S. Ct. 2059, 138 L. Ed. 2d 481 (1997); *Watkins v. Warden*, No. 17-1388, 2017 WL 4857576 at *1 (6th Cir. Sept. 28, 2017) ("Actions arising under § 2254 have a one-year statute of limitations.") The relevant provisions of AEDPA state:

> (d)(1) A one year period of limitations shall apply to the filing of an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d)(1) & (2).

**B.  One-Year Limitation**

In the instant action, Respondent asserts that the petition is time-barred, because Petitioner did not file within the one-year limitations period. (R. 12). As stated above, "the limitation period shall run from the latest of the date on which the judgment became final by the conclusion of direct review *or* the expiration of the time for seeking such review." 28 U.S.C. §

4

2244(d)(1)(A) (emphasis added). In addition, the one-year statute of limitations does not begin to run until all direct criminal appeals in the state system are concluded, followed by either completion or denial of certiorari before the United States Supreme Court, or the expiration of the time allowed (90 days) for filing for certiorari. *Clay v. United States*, 537 U.S. 522, 528 n.3 (2003); *Anderson v. Litscher*, 281 F.3d 672, 675 (7th Cir. 2002); *Williams v. Artuz*, 237 F.3d 147, 151 (2d Cir. 2001), *cert. denied*, 534 U.S. 924 (2001) (citing cases).

Respondent asserts that Petitioner's conviction became final on August 1, 2016—forty-five (45) days after the state appellate court affirmed his conviction and sentence on June 16, 2016—when the time to file a timely notice of appeal with the Ohio Supreme Court expired.[1] (R. 12, PageID# 55). The court agrees that August 1, 2016 is the date Petitioner's state court conviction became final and that the one-year AEDPA statute of limitations began running the following day on August 2, 2016. The federal habeas petition was not placed into the prison mailing system until June 13, 2018.

However, petitions filed more than one year after the conclusion of direct review are not always untimely. The AEDPA tolls the one-year limitations period during the time "'a properly filed application for State postconviction or other collateral review . . . is pending.'" *Evans v. Chavis*, 546 U.S. 189, 191, 126 S. Ct. 846, 163 L. Ed. 2d 684 (2006) (quoting 28 U.S.C. §2244(d)(2)); *Carey v. Saffold*, 536 U.S. 214, 122 S. Ct. 2134, 153 L. Ed. 2d 260 (2002); *accord Matthews v. Abramajtys*, 319 F.3d 780, 787 (6th Cir. 2003). As the Supreme Court has explained, an application is only "properly filed" when its delivered in accordance with the state rules

---

[1] "To perfect an appeal of right as defined by S.Ct.Prac.R. 5.01(A)(3) or (6), the appellant shall file a notice of appeal in the Supreme Court within forty-five days from the entry of the judgment being appealed." Ohio S. Ct. Prac. R. 6.01(A)(1).

5

governing filing and accepted by the state court as complying with those rules. *See , e.g., Allen v. Siebert*, 552 U.S. 3, 7, 128 S. Ct. 2, 169 L. Ed. 2d 329 (2007); *Pace v. DiGuglielmo*, 544 U.S. 408, 414-17, 125 S. Ct. 1807, 161 L. Ed. 2d 669 (2005); *Artuz v. Bennett*, 531 U.S. 4, 8, 121 S. Ct. 361, 148 L. Ed. 2d 213 (2000); *Vroman v. Brigano*, 346 F.3d 598, 603 (6th Cir. 2003). These requirements typically relate to the form of the document, the *time limits for its delivery*, the appropriate court where the document should be filed, and/or the filing fee. *Artuz*, 531 U.S. at 8. Further, state courts are the final arbiters of the state's time rules. *See Vroman*, 346 F.3d at 603; *Israfil v. Russell*, 276 F.3d 768, 771, 18 Fed. App'x 278 (6th Cir. 2001). Consequently, "[w]hen a postconviction petition is untimely under state law, 'that [is] the end of the matter' for purposes of § 2244(d)(2)." *Allen v. Siebert*, 552 U.S. at 7 (*quoting Pace*, 544 U.S., at 414 (*quoting Carey*, 536 U.S. at 226) (alteration in original))).

As noted above, Petitioner filed a *pro se* notice of appeal and motion for leave to file a delayed appeal to the Ohio Supreme Court on March 23, 2017, prior to the expiration of the statute of limitations. (R. 12-1, Exhs. 13 & 14). Respondent's brief appears to concede that Ronny's motion for delayed appeal tolled the statute of limitations until May 17, 2017, when the Ohio Supreme Court denied the motion for delayed appeal and dismissed the case. (R. 12, PageID# 56). Since 233 days of the limitations period had already expired when the motion for delayed appeal was filed, Petitioner had 132 days remaining or until September 27, 2017, to file a timely habeas petition. Petitioner did not take any other actions during this time period that could toll the statute of limitations. Therefore, the court concludes that the habeas petition is untimely.

Finally, as Petitioner has not responded to the motion to dismiss despite being afforded additional time to do so, the court has not been presented with any argument that the statute of

limitations should be equitably tolled, that a state created impediment existed, or that the factual predicate of the claims could not have been discovered earlier.[2] In addition, Petitioner has not identified any new, reliable evidence demonstrative of actual innocence that could waive the applicability of the statute of limitations.

### III. Conclusion

For the foregoing reasons, it is recommended that Respondent's motion to dismiss (R. 12) be GRANTED and that this matter be DISMISSED as time barred.

/s/ *David A. Ruiz*
U.S. MAGISTRATE JUDGE

Date: July 29, 2019

### OBJECTIONS

**Any objections to this Report and Recommendation must be filed with the Clerk of Courts within fourteen (14) days after the party objecting has been served with a copy of this Report and Recommendation. 28 U.S.C. § 636(b)(1). Failure to file objections within the specified time may waive the right to appeal the district court's order.** *See United States v. Walters*, **638 F.2d 947 (6th Cir. 1981)**; *Thomas v. Arn*, **474 U.S. 140 (1985)**, *reh'g denied*, **474 U.S. 1111 (1986)**.

---

[2] "The federal courts sparingly bestow equitable tolling. Typically, equitable tolling applies only when a litigant's failure to meet a legally-mandated deadline unavoidably arose from circumstances beyond that litigant's control.... Absent compelling equitable considerations, a court should not extend limitations by even a single day." *Graham–Humphreys v. Memphis Brooks Museum of Art, Inc.*, 209 F.3d 552, 560–61 (6th Cir. 2000) (citations omitted). "Generally, a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005).

7